MATÍAS MICHEL ARCE, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1099. Argued May 17, 1937.—Decided July 31, 1937.

*T. Torres Pérez* for petitioner.   *J. Valldejuli Rodríguez* for the court stenographer.

Mr. Justice Travieso delivered the opinion of the Court.

The petitioner, Matías Michel Arce, asked the district court of San Juan for authorization to carry a revolver, invoking thereby the provisions of Section 7 of the "Act to prohibit the carrying of arms," as amended by Act No. 14, approved June 25, 1924 (Laws, p. 114).

After evidence was taken by the court, without the intervention of the prosecuting attorney, the petitioner filed a motion in which he stated that it would be necessary that a transcript of the record be furnished. the prosecuting attorney, and prayed that the stenographer who took notes of the hearing be ordered to furnish the same, free of cost to petitioner, all pursuant to the provisions of the "Act to provide for the appointment, duties and compensation of stenographer of the district court," approved March 10, 1904 (Comp. Stat. 1277–1284).

The lower court overruled this motion, believing that "the petitioner is in no way exempt from the payment of the fees fixed by the aforesaid act which is applicable in this case." Arce has come before this Court to review that order in a petition for a writ of certiorari, in which he alleges, in addition to the facts already set forth,

(*a*) That Section 4 of the Act of March 10, 1904 imposes upon the stenographers of the district courts the duty of filing with the clerks of such courts all records and stenographic reports.

(*b*) That there is no statute requiring the payment of fees for a transcript of the notes taken upon petitions for licenses to carry arms.

(c) That the fees of stenographers are included as costs when imposed upon a party for their payment, and that the instant proceeding is not a suit or a civil action.

(d) That the order of which review is prayed prevents the final disposition of this matter, for the reason that the court cannot decide the same without the report of the prosecuting attorney.

(e) That the fees authorized by Section 5 of the Act of 1904 are applicable solely and exclusively to judicial matters, civil, criminal, ex parte or contested, and that petitioner's proceeding is administrative in nature.

(f) That payment to the stenographer would imply an additional compensation, contrary to the Organic Act.

(g) That there is no remedy by appeal to review the order in question.

The writ was issued, and a date set for hearing, at which the petitioner appeared by his counsel, and the stenographer Oscar Gandía by his counsel. The court from which the proceeding comes has, through Judge Pablo Berga, filed a written opposition.

Section 7 of the "Act to prohibit the carrying of arms," as amended on June 25, 1924, reads as follows:

"In addition to the licenses mentioned in paragraph 11 of the preceding section, licenses to carry arms may be issued by the district court of the applicant's residence upon hearing by the fiscal, if danger of death or of serious personal injury to the petitioner," etc.

Do the words "upon hearing by the fiscal" mean that the prosecuting attorney ought to be present at all hearings upon petitions for the use of weapons? The word "hearing" (audiencia), as defined by the Enciclopedia Jurídica Española, means:

"Term derived from the Latin verb audire; in law it is the act of hearing by a judge or court of a party who appears praying that justice be administered to him, or a reference transmitting the record so that the former may set forth the grounds upon which he bases his claim."

The statute seems to authorize a reference of the record to the prosecuting attorney so that the latter may study the same and make a report to the court. If the prosecuting attorney should appear at the hearing, which seems to us the better practice, it is evident that no transcript of the stenographic notes taken at the hearing would be necessary for this report to the court.

▆▆▆▆ Under such circumstances, is the stenographer obliged to furnish, free of charge to the petitioner, a transcript of his stenographic notes? Sections 4 and 5 of the ''Act to provide for the appointment, duties, and compensation of stenographer of the district court,'' reads as follows:

''Section 4.—The reporter shall file the stenographic records and reports made by him with the secretary of the District Court of the district in which such report was taken and the action was tried.

''Section 5.—It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by party requesting the same, and to be taxed as costs in the case against the party finally defeated in the action; Provided, when such copy is requested on behalf of the People of Puerto Rico, or by a defendant in a criminal case, or his attorney, and where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable by reason of his poverty to pay for such copy so requested by him or his attorney, the stenographer shall issue such copy free of charge. And in all civil cases in which a party to an action shall file the required affidavit showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same. Such copy of the record shall constitute prima facie the minutes of the court and may be used on all motions for new trials, review or appeal, when minutes of the court may be used.''

The respondent court contends that the "records and reports" referred to in section four above are the books containing the stenographic notes made by the stenographer, while the petitioner believes that what should be delivered to the clerk of the distant court is a transcript of such notes by the stenographer. As a matter of fact, the petitioner is correct. This statute has already been interpreted by this Court in the manner for which petitioner contends. In *People* v. *Eligier et al,* 9 P.R.R. 357, Mr. Justice MacLeary, in commenting upon the same, said:

"The stenographer's notes are, or should be, a faithful transcript of everything that takes place in the trial court, *an when written out in long hand and filed with the clerk of the court,* they are useful for reference in ascertaining what were the rulings of the court, what were the points made by the attorneys, and the exceptions taken to the admission or exclusion of evidence, or other rulings during the progress of the trial." (Italics ours.)

In *People* v. *Brenes,* 9 P.R.R. 503, the same judge decided that:

". . . Such stenographic notes, when written out in longhand or typewriting, should be a faithful transcript of everything that takes place in the court at the trial of the cause, *and when properly transcribed by the officer who made them, and filed with the clerk of the court,* they may be used by the judge or the attorneys or other persons interested, for reference in ascertaining what were the rulings of the court, just as the minutes of the court kept by the secretary, might be so used." (Italics ours.)

Five years later Judge MacLeary again said, in *People* v. *Santiago,* 16 P.R.R. 446:

". . . The stenographer is required on application to furnish the attorney general, the *fiscal* or any party to the suit, with a typewritten copy of the record or any part thereof on the payment of certain fees fixed by the statute. Such stenographic notes, when written out in longhand or typewriting, should be a faithful transcript of everything that takes place in the court at the trial of the case, *and when properly transcribed by the officer who made them and filed with the secretary of the court,* they may be used by the

judge or the attorneys or other persons interested for reference in ascertaining what were the rulings of the court, just as the minutes of the court kept by the secretary might be so used; and they are the best evidence of what was said by the witnesses in case of a dispute on that point.''

Mr. Justice Wolf in a dissenting opinion written in the case of *Guardiola* v. *District Court et al.*, 37 P.R.R. 605, 612, states:

"Section 4 of the Act of Mrach 10, 1904, in relation to stenographers provides (Laws of that year, page 120):

'' 'The reporter shall file the stenographic records and reports made by him with the secretary of the District Court of the district in which such report was taken and the action tried.'

"The duty o fthe stenographer is to file his stenographic notes and then they become a record. Any party can make a stenographer file his notes by a proper order of the court or perhaps by mandamus. A proceeding for contempt coud follow a refusal to obey.

"It is section 5 of that Act which gives a party a right to a copy. The section says in part that—

'' *       *       *       *       *       *       *

"There is hence no record until the stenographer has filed his notes. There can be no record until the notes are filed and no one is entitled to anything except a copy of the typewritten record." (Italics ours.)

These decisions should not be interpreted as meaning that the reporters of the district courts are required to file with the clerk a *transcript* of the notes taken by them in *all* suits heard before such courts, without there having been a petition by a person interested in having such a transcript made. It would not be reasonable to require the stenographers to undertake such an arduous task and one which would be unnecessary in most cases, that is, in those which are not appealed.

In view of the considerable increase in the number of cases filed and tried before the district courts, it seems more reasonable to hold that the court stenographer is required to deliver the records and the notebooks containing the notes

taken by him to the clerk of the court; and that he is likewise required to transcribe his notes and to file the transcript in the clerk's office as soon as he may be required to do so by a person entitled to receive a copy, of such transcript, upon payment of the fees which by law the stenographer is entitled to collect for such copy.

Nevertheless, the stenographer has a duty, upon being required to do so by the court, to furnish the petitioner, free of charge, with a "typewritten copy of the record, or any part thereof." The lower court ought so to have directed him in the order, the validity of which is now in question.

Although in a certain sense this transcript is for the benefit of the petitioner, nevertheless, the person who is to make most direct use of it and who will be most benefited by it, is the prosecuting attorney, who with it can be permitted to absent himself from the hearing at which the notes were taken. The stenographers of the district courts receive a fixed salary in addition to the fees which they receive for those transcripts of their notes which are of interest to parties to suits, for the reason that use must be made of them to perfect an appeal. The fixed salary represents the remuneration allowed them by law for those services which they render, in the exercise of their duties, to the court and to the officers of the court; the additional compensation, their remuneration for services arising out of the office which they hold, rendered to private persons. This is not an appeal which had to be perfected by the petitioner, for which purpose he would have required the transcript of the evidence had he elected to bring up the evidence in that form. In such case the petitioner would have received all the benefit, all the fruit of the stenographer's labor, and should compensate him. This is a case of services which are required not so much by the petitioner as by the prosecuting attorney, and which should, therefore, be deemed to have been compensated by the fixed salary received by the stenographer for his administrative services.

In view of the foregoing, it is in our judgment unnecessary to consider the other considerations raised by the petitioner, and the petition for writ of certiorari must, therefore, be granted, and the order reviewed must, consequently, be vacated, with instructions to the court below to enter another order directing the stenographer to transcribe, free of charge, the stenographic notes which he took at the hearing upon the petition for license to carry arms, and to deliver to the clerk to be filed with the record, for the use of the prosecuting attorney, a typewritten copy, pursuant to the provisions of Section 5 of the act providing for the appointment of stenographers, approved March 10, 1904.

Mr. Justice Córdova Dávila took no part in the decision of this case.